NOT DESIGNATED FOR PUBLICATION

No. 129,611

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY D. O'BRIEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Submitted without oral argument. Opinion filed July 2, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before HILL, P.J., ISHERWOOD and BOLTON FLEMING, JJ.

PER CURIAM: In this appeal, Timothy O'Brien argues that the district court abused its discretion by ordering him to serve his prison sentence without an additional opportunity on probation. This court granted O'Brien's request for summary disposition of his appeal under Kansas Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48) in lieu of briefs. Finding no error, we affirm.

Following a jury trial, O'Brien was convicted of felony possession of methamphetamine and misdemeanor possession of drug paraphernalia. O'Brien received a downward dispositional departure sentence to probation. Later, O'Brien stipulated that he failed to report to begin his probation. The district court revoked O'Brien's probation and ordered him to serve his prison and jail sentences.

1

We review the district court's decision for an abuse of discretion. A judicial action "constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact." *State v. Peters*, 319 Kan. 492, 497, 555 P.3d 1134 (2024). "The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion." *Peters*, 319 Kan. at 497-98.

O'Brien alleges no error of fact or law; rather, he argues the district court's decision was unreasonable. A district court abuses its discretion to revoke probation only "if no reasonable person would have taken the court's position." *State v. Dunham,* 58 Kan. App. 2d 519, 529, 472 P.3d 604 (2020).

While O'Brien testified at his hearing about the difficulties he faced reporting for probation, and his recent successes with employment and refraining from substance abuse, the district court noted that O'Brien's departure sentence was an opportunity at probation he would not have otherwise received. It also noted O'Brien's prior terms of probation and that O'Brien had not tried to contact his probation officer or turn himself in. O'Brien does not challenge these factual findings on appeal.

Based on these facts, a reasonable person could agree with the district court that O'Brien would not be successful on probation. See *Dunham,* 58 Kan. App. 2d at 529. The district court did not abuse its discretion in ordering O'Brien to serve his sentence.

Affirmed.